IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LIF MODABBERI § § Plaintiff, § § VS. § § WELLS FARGO BANK, N.A., § a/k/a WACHOVIA MORTGAGE § § Defendant. § | NO. 3-11-CV-3602-M-BD |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Defendant Wells Fargo Bank, N.A. has filed a Rule 12(b)(6) motion to dismiss this *pro se* civil action brought by plaintiff arising out of foreclosure proceedings initiated against his primary residence. In his most recent complaint, plaintiff accuses defendant of violating the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, by refusing to postpone the foreclosure sale while he seeks a loan modification under the Make Home Affordable Program ("HAMP"). (*See* Plf. 1st Am. Compl. at 2-3, ¶¶ 4.1-4.6). Defendant now moves for dismissal on the grounds that plaintiff has failed to state a claim upon which relief can be granted, that his TILA claim is barred by limitations, and that any state law claims are preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1462, *et seq.*[1] The issues have been briefed by the parties, and the motion is ripe for determination.

---

[1] The court does not read plaintiff's complaint to assert any state law claims. Rather, it appears that plaintiff's only substantive claim is for violations of the TILA and federal regulations promulgated under that statute. (*See* Plf. 1st Am. Compl. at 3, ¶ 4.5; Plf. Resp. Br. at 2-3, ¶¶ 3.1-3.5). To the extent plaintiff seeks relief under the Texas Declaratory Judgment Act, Tex. Civ. Prac. & Rem. Code § 37.002(b), he is not entitled to such relief because his only substantive claim lacks merit. *See Swim v. Bank of America, N.A.*, No. 3-11-CV-1240-M, 2012 WL 170758 at *8 (N.D. Tex. Jan. 20, 2012) (dismissing as "redundant" claim for declaratory relief where court determined that other causes of action lacked merit).

A district court may dismiss a complaint for failure to state a claim "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Jackson v. City of Beaumont Police Dept.*, 958 F.2d 616, 618 (5th Cir. 1992), *quoting Barrientos v. Reliance Standard Life Ins. Co.*, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 795 (1991). To survive dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, 129 S.Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id., quoting* FED. R. CIV. P. 8(a)(2).

Judged against this standard, the court determines that plaintiff has failed to state a plausible claim under the TILA. The only mention of this statute by plaintiff in his amended complaint is the statement, "Plaintiff Sites [*sic*] Violations of the Federal Truth In Lending Act as basis for claim." (*See* Plf. 1st Am. Compl. at 3, ¶ 4.5). This conclusory allegation does not come close to satisfying the pleading requirements of *Twombly* and *Iqbal*. Nor has plaintiff stated a viable claim in his response to defendant's motion to dismiss. In his response, plaintiff alleges for the first time that his mortgage loan with defendant violates a TILA regulation, 12 C.F.R. § 226.34, by requiring "regular

periodic payments for the first seven years [that] would cause the principal balance to increase[.]" (*See* Plf. Resp. Br. at 2, ¶ 3.3). However, section 226.34 applies only to "*loans subject to § 226.32.*" *See* 12 C.F.R. § 226.34(a) (emphasis added). Section 226.32, by its terms, does not apply to residential mortgage transactions. *Id.* § 226.32(a)(2)(i); *see also Grealish v. Am. Brokers Conduit*, No. 2-08-CV-765-DS, 2009 WL 2992570 at *2 (D. Ut. Sept. 16, 2009). It is clear that plaintiff's claims arise out of a mortgage loan transaction involving his primary residence. (*See* Plf. 1st Am. Compl. at 3, ¶ 5.2). Thus, plaintiff cannot sue defendant under these regulations.

## RECOMMENDATION

Defendant's motion to dismiss [Doc. #11] should be granted. This case should be dismissed with prejudice.[2]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing

---

[2] Ordinarily, the court would allow plaintiff to amend his complaint in an attempt to cure the pleading defects identified by defendant. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (court should allow plaintiff at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal"). However, plaintiff was allowed to amend his complaint after defendant filed a prior Rule 12(b)(6) motion. The court therefore determines that plaintiff has pled his best case. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 21, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE